UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, AND JAMES R. HETTI, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED, | Civil Action No.<br><br>**<u>NOTICE OF REMOVAL</u>** |
| Plaintiffs, | |
| -against- | |
| GARDA CL ATLANTIC, INC., | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Garda CL Atlantic, Inc. ("Defendant") hereby gives notice of its removal of the above-captioned action from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York.  As grounds therefore, Defendant states as follows:

1.      On December 29, 2016, Plaintiffs Anthony Tanza, Michael S. Bosman, Robert T. Giani, Gary E. Sobek, Charles Engel, Fred H. Smith, Carmela A. Syzmanski, William R. Shannon, Barry Dubrow, Alexander Cioffi, Lana Bongiovi, Jimmy Adkins, Justin A. Griffin, Glenny V. Adon, Michael Boneta, Dieter Kern, Dennis J. Delucie, Albert Velasquez, and James R. Hetti ("Plaintiffs") commenced a civil action against Defendant in the Supreme Court of the State of New York, County of Suffolk, where it was given Index number 621223/2016.  Copies of the Summons and Verified Complaint are attached hereto as Exhibit A.  No other pleadings or discovery have been served in this action, nor has any court order been entered.

2.      On May 16, 2017, Plaintiffs and Defendant filed a stipulation in the Supreme Court of the State of New York, County of Suffolk, which provided that "Defendant Garda CL Atlantic, Inc. agrees to accept service of the Summons and Compliant in this action as of May 12, 2017[.]"  A copy of the Stipulation is attached hereto as Exhibit B.

3.      A copy of this Notice of Removal, with accompanying exhibit, and a Notice to State Court of Removal are being served upon Plaintiffs and will be filed with the Clerk of the Supreme Court of the State of New York, County of Suffolk, promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

4.      This is a civil action subject to removal to this Court on the basis of diversity jurisdiction.

5.      This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446 in that it is an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs:

a.      As alleged in the Complaint, the events or omissions given rise to this claim occurred at Plaintiffs' place of work located in Central Islip, New York.  Defendant is a corporation organized under the laws of a State other than New York (Delaware) and has its principle place of business outside of New York (Florida).  As a result, there is complete diversity of citizenship between Plaintiffs and the Defendant so as to vest removal jurisdiction in this Court;

b.      This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  In the Complaint, Plaintiffs request a monetary penalty of $500 for each day of the violation since 2015 in addition to other

unspecified monetary damages.  As such, the value of the relief sought by Plaintiffs in the form of monetary damages exceeds the sum of $75,000.

6.     This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

7.     This is a civil case brought in the Supreme Court of the State of New York, County of Suffolk, and, accordingly, under 28 U.S.C. §§ 112(b) and 1441(b), the United States District for the Eastern District of New York, is the proper forum for removal.

8.     By filing the Notice of Removal, Defendant does not waive any defenses available to them at law, in equity or otherwise.

9.     This Notice of Removal has been signed by counsel for Defendant in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests that the action now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court in accordance with the foregoing statutory provisions.

Date:   May 25, 2017
        New York, New York

/s/ A. Michael Webber
A. Michael Weber
Houston A. Stokes
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendant*

Exhibit A

Case 2:17-cv-03185-JMA-AYS   Document 1   Filed 05/25/17   Page 5 of 18 PageID #: 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------------------------X

ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI,
GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH,
CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY
DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY
ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL
BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT
VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all
others similarly situated,

Index No.:

**SUMMONS**

Plaintiff designates
Suffolk County as
the place of trial.

*Plaintiffs,*

The basis of venue is
Defendants' place of
business.

-against-

GARDA SECURITY, INC. and GARDA INTERNATIONAL, INC.,

*Defendants.*

------------------------------------------------------------------------X

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons,
exclusive of the day of service of this summons, or within 30 days after service of this summons
is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be taken against
you for the release demanded in the complaint, together with the costs of this action.

Dated: Farmingdale, New York
       December 28, 2016

**FRANK & ASSOCIATES, P.C.**
*Attorney for Plaintiffs*

*Neil M. Frank*

Neil M. Frank, Esq.
500 Bi-County Boulevard, Suite 465
Farmingdale, New York 11735
T: (631) 756-0400
F: (631) 756-0547
Nfrank@laborlaws.com

**TO:**

**GARDA SECURITY, INC.**
C/O New York Secretary of State
One Commerce Plaza
99 Washington Ave
Albany, NY 12231-0001

**GARDA INTERNATIONAL, INC.**
C/O New York Secretary of State
One Commerce Plaza
99 Washington Ave
Albany, NY 12231-0001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------------X

ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T.
GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H.
SMITH, CARMELA A. SYZMANSKI, WILLIAM R.
SHANNON, BARRY DUBROW, ALEXANDER CIOFFI,
LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN,
GLENNY V. ADON, MICHAEL BONETA, DIETER KERN,
DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES
R. HETTI, on behalf of themselves and all others similarly
situated,

                                    *Plaintiffs,*

        -against-

GARDA SECURITY, INC. and GARDA INTERNATIONAL,
INC.,

                                   *Defendants.*

-------------------------------------------------------------------------X

Index No.:

**CLASS ACTION
COMPLAINT**

*Jury Trial Demanded*

Plaintiffs ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E.

SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R.

SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY

ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, and, MICHAEL BONETA, DIETER

KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of

themselves and all others similarly situated, by and through their attorneys, FRANK &

ASSOCIATES, P.C., bring this action against Defendants GARDA SECURITY, INC. and

GARDA INTERNATIONAL, INC. (collectively "GARDA" or "Defendants").

### INTRODUCTION

1. Plaintiffs and all others similarly situated ("The Class") bring this action based upon
   Defendants' violations of the New York State Worker Adjustment and Retraining
   Notification Act ("WARN"), Chapter 475 of the laws of 2008 and amendments thereto, as

Page **1** of **9**

set forth in § 860, *et seq.* of the New York Labor Law, as Defendants failed to serve The Class with ninety (90) day written notice of its plant closing and did not timely file notice of intent to close as required by WARN.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action and jurisdiction over Defendants pursuant to CPLR § 301.

3. This action properly lies in the County of Suffolk, pursuant to CPLR §503, because the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

4. The Class worked at Defendants facility located at 1640 Veterans Memorial Highway, Central Islip, NY 11722. Their job duties included providing armored truck transportation, cash vault services from secure cash processing centers, ATM services, change fund services, and smart safes.

5. Defendant GARDA SECURITY INC. was and still is a foreign business corporation authorized to do business in New York.

6. Defendant GARDA INTERNATIONAL, INC. is the international security division of GARDA SECURITY INC.

7. Upon information and belief, Defendants together form a business enterprise, which employs over 45,000 workers.

8. Upon information and belief, Defendants together are one of the largest privately owned business solutions and security service providers in the world, and one of the top ten fastest-growing security companies globally. Their services include armored truck cash services and personal security for a wide range of domestic and international corporations.

Page **2** of **9**

## FACTUAL ALLEGATIONS

9. The Class worked at Defendants' facility located at 1640 Veterans Memorial Highway, Central Islip, NY 11722.

10. On January 23, 2015, Defendants' Branch Manager Sam LaRocca, Manager of Labor and Employee Relations Lawrence K. Pontrelli, and Branch Manager Prakash Varughese, met with GARDA employees and distributed a letter titled "Notice of Transfer, Termination of Employment, and Consolidation of Central Islip and Long Island City Operations at the Long Island City Facility."

11. In the letter, Defendants advised the employees it was consolidating the Central Islip and Long Island City operations at 526 45th Avenue, Long Island City, New York 11101, effective February 1, 2015. Defendants offered to transfer the employees to the Long Island City facility, about fifty (50) miles from the Central Islip facility. Defendants' relocation thereby created an unreasonable commuting distance for the employees, since almost all of them reside in Suffolk County.

12. In addition to an unreasonable commuting distance, Defendants made significant changes to the Class' working conditions and/or job description at the Long Island City facility which was demeaning and put their lives in danger of severe physical harm and/or death in case of a robbery attempt.

13. Upon information and belief, the Class' working conditions were to be materially altered upon transfer to the Long Island City facility and could not be tolerated by anyone. The Class was advised by Defendants that, if they accepted the transfer, they would not be able to carry a firearm because they would need to apply for a permit and/or additional licensing with New York City.

Page **3** of **9**

14. Upon information and belief, the wait time for a city permit is approximately six (6) to eight (8) months and costs approximately $500. Defendants refused to reimburse the Class for the cost of the New York City firearm permit.

15. Until the employees were permitted to carry a firearm, they would only be able to assist on the truck or perform other miscellaneous tasks outside of their job description.

16. As a result, the Class would be reduced to helper status without the ability to protect themselves or perform security services.

17. Additionally, without a firearm, the Class had no means to protect themselves and would be sent into an extremely dangerous environment without the means to protect themselves. Therefore, Defendants created a highly dangerous working environment.

18. Furthermore, Defendants stated all employees would be terminated effective April 23, 2015, including those who agreed to be transferred to Long Island City.

19. On February 1, 2015, Defendants closed its Central Islip facility and relocated to the Long Island City facility without providing the employees with ninety (90) days written notice in violation of WARN. As a result, more than twenty-five (25) full-time employees experienced "employment loss" as defined in WARN.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs assert these claims on behalf of themselves and a class of persons under Civil Practice Rules and Regulations § 901.

21. The Class consists of all persons who work or have worked for Defendants and were unlawfully terminated on the basis of their age and replaced with younger, less experienced employees.

22. The Persons in the Class identified above are so numerous that joinder of all the

Page **4** of **9**

members is impracticable.

23. The Class members are readily ascertainable, for purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

24. Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

25. There are questions of law and fact common to the Class that predominate over any question solely affecting individual members of the Class, including but not limited to:

   a.  Whether the Defendants provided 90-day written notice to The Class prior to closing its Central Islip facility.

   b.  Whether the Defendants' "plant closing" resulted in an employment loss for twenty-five (25) or more of The Class.

   c.  Whether Defendants' relocation from the Central Islip facility to the Long Island City facility is not a "reasonable commuting distance" for The Class, which required ninety (90) days notification under WARN.

   d.  Whether Defendants' relocation from the Central Islip facility to the Long Island City facility resulted in significant changes to the Class' working conditions or job description resulting in a constructive discharge.

26. The claims of the Plaintiffs are typical of the claims of the Class they seek to represent. Defendants have acted and have refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

Page **5** of **9**

27. The claims of the Plaintiffs are typical of the claims of the Class they seek to represent. Defendants have acted and have refused to act on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class appropriate.

28. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' failure to provide 90-day written notice of its plant closing.

29. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

30. Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Class Members are not *de minimis*, such damages are small compared to the expense

and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

32. Current employees could fear to assert their rights out of fear of direct or indirect retaliation.

33. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
***Failure to Provide Proper Notice Before the Plant Closing
in Violation of The New York WARN Act***

34. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

35. Defendants closed its facility located at 1640 Veterans Memorial Highway, Central Islip, NY 11722 and relocated it to 526 45th Avenue, Long Island City, NY 11101, which is located about fifty (50) miles from Central Islip.

36. While Defendants offered to transfer employees to the Long Island City facility, such location was not within a reasonable commuting distance for employees, since the vast majority of them reside in Suffolk County.

37. Defendants' plant closing resulted in employment loss at its Central Islip facility for more than twenty-five (25) full-time employees.

38. Defendants failed to serve employees at the Central Islip facility with ninety (90)- day written notice of its plant closing.

39. Therefore, The Class is entitled to back wages and employment benefits for the period

Page **7** of **9**

of violation, up to ninety (90) days, an additional penalty of $500 for each day of the violation, reasonable attorney fees, and costs of this lawsuit.

## SECOND CLAIM FOR RELIEF
### *Terms of Offer to Transfer Constituted a Constructive Discharge*
### *in Violation of the New York WARN Act*

40. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

41. The offer to transfer Plaintiffs to the Long Island City facility would have resulted in substantial changes to their working conditions and/or job description, including but not limited to, creating a dangerous work environment.

42. Plaintiffs were forced to decline the offer of transfer due to an intolerable work environment.

43. Said changes to the Plaintiffs' working conditions and/or job description constituted a constructive discharge.

44. Defendants' plant closing resulted in employment loss at its Central Islip facility for more than twenty-five (25) full-time employees

45. Therefore, the Class is entitled to back wages and employment benefits for the period of violation, up to ninety (90) days, an additional penalty of $500 for each day of the violation, reasonable attorney fees, and costs of this lawsuit.

## DEMAND FOR JURY TRIAL

46. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

47. Plaintiffs and The Class demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs and The Class prays for the following relief:

i.      Certification of this case as a class action pursuant to Civil Practice Rules and Regulations § 901;

ii.     Designation of Plaintiffs as representatives of the Class, and counsel of record as Class Counsel;

iii.    Back wages and employment benefits for the period of violation, up to ninety (90) days;

iv.     Damages in the amount of $500 for each day of the violation;

v.      Pre- and post-judgment interest;

vi.     Reasonable attorneys' fees and costs incurred in prosecuting these claims; and

vii.    Such other relief as this Court deems just and proper.


Dated: December 28, 2016
      Farmingdale, New York

**FRANK & ASSOCIATES, P.C.**

_Neil M. Frank_

Neil M. Frank, Esq.
500 Bi-County Boulevard, Suite 465
Farmingdale, New York 11735
T: (631) 756-0400
F: (631) 756-0547
Nfrank@laborlaws.com

*Attorney for Plaintiffs*

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

ANTHONY TANZA, MICHAEL S. BOSMAN,
ROBERT T. GIANI, GARY E. SOBEK, CHARLES
ENGEL, FRED H. SMITH, CARMELA A.
SYZMANSKI, WILLIAM R. SHANNON, BARRY
DUBROW, ALEXANDER CIOFFI, LANA
BONGIOVI, JIMMY ADKINS, JUSTIN A.
GRIFFIN, GLENNY V. ADON, MICHAEL
BONETA, DIETER KERN, DENNIS J. DELUCIE,
ALBERT VELASQUEZ, and JAMES R. HETTI, on
behalf of themselves and all others similarly situated,

Index No. 621223/2016

**STIPULATION TO ACCEPT
SERVICE AND AMEND
THE CASE CAPTION**

Plaintiffs,

-against-

GARDA SECURITY INC. and GARDA
INTERNATIONAL INC.,

Defendants.

---

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for Plaintiffs and Defendant Garda CL Atlantic, Inc., that "Garda CL Atlantic, Inc." is the properly named Defendant in this case, that "Garda Security Inc." and "Garda International Inc." should be dismissed without prejudice as Defendants in this case, and that the case caption and the Complaint should be amended to delete the reference to "Garda Security Inc." and "Garda International Inc." and shall name only "Garda CL Atlantic, Inc." as the Defendant in this case; and

IT IS FURTHER STIPULATED AND AGREED that Plaintiff has not served Garda CL Atlantic, Inc. with the Summons and Complaint in this action; and

IT IS FURTHER STIPULATED AND AGREED that Defendant Garda CL Atlantic, Inc. agrees to save the expense of serving a Summons and Complaint in this action; and

IT IS FURTHER STIPULATED AND AGREED that Defendant Garda CL Atlantic, Inc. agrees to accept service of the Summons and Complaint in this action as of May 12, 2017; and

IT IS FURTHER STIPULATED AND AGREED that Defendant Garda CL Atlantic, Inc. will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action; and

IT IS FURTHER STIPULATED AND AGREED that facsimile and/or electronic copies of the signatures on this stipulation may be treated as originals for all purposes.

Dated: May 12, 2017
      Farmingdale, New York

Dated: May 12, 2017
      New York, New York


_____
Neil M. Frank
FRANK & ASSOCIATES, P.C.
500 Bi-County Blvd., Suite 465
Farmingdale, NY 11735
(631) 756-0400
(631) 756-0547

*Attorneys for Plaintiffs*

_____
A. Michael Weber
Houston A. Stokes
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

*Attorneys for Defendant Garda CL Atlantic, Inc.*