w-

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Garda CL Atlantic, Inc.,<br><br>Defendant. | Case No.  15-cv-04394 (JMA) (AYS)<br>Case No. 2:17-CV-03185 (JMA)(AYS) |

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** ||
|---|---|
| **FILE A CLAIM** | If you wish to receive payment from the Settlement, you must sign and mail the enclosed "Consent to Join and Release Form" to the Settlement Administrator by_____. By mailing the "Consent to Join and Release Form" and receiving payment under the Settlement, you agree to waive all claims that you may have relating to your employment with Garda. |
| **EXCLUDE YOURSELF** | To exclude yourself from the Settlement, you must mail the enclosed "Opt-Out Form" to the Settlement Administrator by_____. If you choose to exclude yourself, you will preserve any claims that you may have relating to your employment with Garda, but you will not receive any payments from this Settlement. |
| **DO NOTHING** | If you do nothing, you will not receive any payment from the Settlement and, if the Court approves the Settlement, you will be barred from bringing any claims against Garda relating to your employment with Garda. |
| **OBJECT** | You may object to the terms of the Settlement by filing a written letter with the Court and by mailing copies of the letter to Class Counsel and Defendant's counsel in the manner described herein. Any objections to the Settlement must be sent by_____. In order to object you must remain part of the Settlement. If you choose to exclude yourself, you do not have any right to object to the Settlement.  If the settlement is approved, you will still receive a payment and you will release your claims against Garda. |

## NOTICE OF CLASS ACTION SETTLEMENT, CONSENT TO JOIN, AND RELEASE FORM

This Notice of Class Action Settlement, Consent to Join, and Release Form (collectively, the "Notice Packet") is to inform you that this Court has preliminarily approved a class action settlement between the Named Plaintiffs on behalf of themselves and all others similarly situated who were employed by Garda CL Atlantic, Inc. at its Central Islip, NY branch as of January 23, 2015 (the "Settlement Class"), on the one hand, and Defendant Garda CL Atlantic, Inc. ("Garda"), on the other hand (collectively, the "Parties").

**THIS NOTICE IS TO INFORM YOU ABOUT:**

- **THE STATUS OF THE LEGAL DISPUTE INCLUDING A STATEMENT OF YOUR RIGHTS WITH RESPECT TO THE PRELIMINARILY APPROVED CLASS ACTION SETTLEMENT;**

- **YOUR ESTIMATED *PRO RATA* SHARE OF THE MONETARY SETTLEMENT AND THE PROCEDURE FOR CLAIMING THAT SHARE;**

- **YOUR OPTION TO EXCLUDE YOURSELF FROM THE SETTLEMENT BY "OPTING OUT"; AND**

- **YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT**.


**I.     DESCRIPTION OF THE ACTIONS**

On July 28, 2015, an action pursuant to the Worker Adjustment and Retraining Act ("WARN") was brought against Defendant Garda CL Atlantic, Inc. ("Garda") on behalf of the Named Plaintiffs and all other similarly situated individuals who, as of January 23, 2015, worked at Garda's Central Islip, NY facility. Thereafter, on December 29, 2016, the Named Plaintiffs filed an identical action against Garda under the New York State Worker Adjustment and Retraining Notification Act ("NYS WARN"). These lawsuits are collectively referred to as the "Actions". The Actions allege that Garda did not comply with WARN and NYS WARN when it closed the Central Islip, NY facility.

Garda denies, and continues to deny, all of the allegations in the Named Plaintiffs' Complaints and contends that it complied with applicable federal and state laws at all times. Garda does not admit to any liability and this Notice does not imply that there has been or would be any finding of a violation of law or that recovery could be had in any amount if the Actions were not settled.

The Court has made no decision in the Actions about the merits of the Named Plaintiffs' claims or Garda's defenses. The Parties wish to settle to avoid further costly, disruptive, and time-consuming litigation. So, the Parties have reached a settlement of the claims, which is the result of good faith negotiations undertaken with the assistance of an independent mediator and which is contingent upon Court approval (the "Settlement"). On _____, the Court preliminarily approved the Settlement and the issuance of this Notice Packet to "all persons employed by Garda CL Atlantic, Inc. at its Central Islip, NY facility as of January 23, 2015" (the "Settlement Class").

## III.     SUMMARY TERMS OF THE SETTLEMENT

As of April 16, 2018, the Actions were preliminarily settled. The Settlement is intended to resolve and terminate litigation between the Parties. The Settlement, if approved by the Court, will result in the release by the Settlement Class (except those who timely move to exclude themselves from the settlement) of all claims as more specifically provided in the Settlement Agreement. The Released Claims mean all claims, whether known or unknown, that the Settlement Class ever had in the past or now have against Garda and various related entities. And, for those who consent to join this settlement and receive a *pro rata* settlement share, specifically include a waiver of wage and hour claims pursuant to the Fair Labor Standards Act.

In consideration of the entry of the Final Order and Judgment and the releases referenced above, Garda has agreed to the following settlement provisions and procedures:

Garda has agreed to pay a maximum settlement amount of $425,000 to resolve all claims in the Actions (the "Gross Settlement Fund"). Class Counsel will petition the Court for Service Awards for certain Named Plaintiffs of $1,000 each for their work on behalf of the class, for an award of attorneys' fees and costs of thirty-three and one-third percent of the Gross Settlement Fund (up to a maximum of $141,666.00), and for payment of costs and expenses to the Settlement Claims Administrator, Rust Consulting, estimated to be no more than $10,000. The Court has the final authority to decide the amount of attorneys' fees and costs, including the amount that will be paid to former counsel for the Plaintiffs, Frank & Associates, P.C., settlement administration expenses, and Service Awards, which will be paid by Garda from the Gross Settlement Fund. The attorneys' fees, costs, Service Awards, and settlement administration costs will be deducted from the Gross Settlement Amount prior to calculation of the settlement share for each Settlement Class Member. Garda will also pay the employer's share of payroll taxes on the wage portion of the settlement over and above the Maximum Settlement Amount.

The approximately $259,334.00 balance (the "Revised Gross Fund") that remains after these deductions are taken will be paid on a *pro rata* basis to each Settlement Class Member who does not opt-out of the Settlement and who submits a timely Consent to Join and Release Form ("Qualified Claimant") based on the ratio of the total earnings each class member earned from January 1, 2014 through January 23, 2015 to the total earnings of all Class Members for that same period. The amounts payable to the Qualified Claimants shall be allocated as wages, with appropriate deductions and withholdings made.

Your estimated *pro rata* share of the Revised Gross Fund, along with the information used to calculate that share, is listed on the enclosed Consent to Join and Release Form. You must submit the Consent to Join and Release Form to the Settlement Claims Administrator enclosed with this Notice Packet by the Claim Bar Date to be considered a Qualified Claimant and be eligible to obtain the *pro rata* settlement share upon final Court approval.

The summary of the proposed settlement agreement in this Notice Packet does not include all of the terms and conditions of the settlement. The only complete statement of the terms of the proposed settlement is in the actual Settlement Agreement that has been tentatively approved by the Court. Copies of the proposed Settlement Agreement may be obtained from the Settlement Claims Administrator.

## IV.     OBTAINING PAYMENT UNDER THE SETTLEMENT

If you are a Class Member, you will be entitled to the *pro rata* share of the Revised Gross Fund *only* if you timely submit the enclosed Consent to Join and Release Form. Please read the Consent to Join and Release Form carefully as it impacts your legal rights and includes a release of all claims against Garda. If the Settlement receives final approval from the Court, settlement payments will be administered in accordance with the Settlement Agreement.

       As explained in more detail below, you must sign and return the enclosed Consent to Join and the Release of Claims by [insert date 60 days from date of mailing] (the "Claim Bar Date") to the Settlement Claims Administrator to participate in the Settlement. If you do not fully complete, sign, and return these forms by the Claim Bar Date, you will not be able to participate in the Settlement reached in this case and will not receive any payment, but will still be subject to its binding effect.

### IV.    BINDING EFFECT

       In completing the settlement approval process, the Named Plaintiffs and Garda will petition the Court for a Final Order dismissing this Action as to the Class Members with prejudice, and any person in the Settlement Class who does not request exclusion from ("opt out of") the settlement will be bound by it.

### V.    EXCLUSION REQUESTS-"OPTING-OUT"

       You have the right to request exclusion from ("opt-out of") the Settlement by advising the Settlement Claims Administrator in writing at the address given on the within "Opt-Out Form". If you elect to opt-out, then you will not receive a payment or receive any other benefits of the settlement. You will also not be entitled to object to the Settlement. If you elect to opt out, you must mail a request for exclusion on our before_____. Opt-out requests received after such date shall be of no force or effect.

### VII.    OBJECTIONS

       If you do not request exclusion from the Settlement but believe that the proposed settlement is unfair or inadequate in any respect, you have the right to object in writing to any part of the proposed settlement. To object, you must both file with the Court and mail to Class Counsel and Garda's counsel, no later than____, a written objection referring specifically to the Actions pending in the U.S. District Court for the Eastern District of New York that includes: (a) your full name and address sufficient to identify your membership in the Settlement Class; (b) specific grounds for the objection, as well as all documents or writings you desire the Court to consider. Even if you are represented by Counsel, your objection must be signed and notarized by you individually. Except for good cause shown, an objector who has not timely filed and served written objections with the requisite information will not be allowed to be heard at the final hearing approving the settlement. Any person who fails to appear as ordered by the Court will be deemed to have waived his/her objection(s). To file the objection with the Court, you must mail or personally deliver the original of the written objection by the date specified in this Paragraph to:

    Rust Consulting
    [insert address]

You must also mail copies of your written objections by the same date specified in the paragraph above to these attorneys' offices:

Named Plaintiffs' Counsel
Kyle T. Pulis, Esq.
Scott Michael Mishkin, P.C.
One Suffolk Square, Suite 240
Islandia, NY 11749
Tel: (631) 234-1154
Fax: (631) 234-5048
kpulismishkinpc@optonline.net

<u>Garda's Counsel</u>
 Jessica T. Travers, Esq. Mendelson, P.C.
111 N. Orange Ave, Suite 1750
Orlando, FL 32081
jtravers@littler.com

  Any Class Member who does not object in the manner described above shall be deemed to have waived any objections and shall be foreclosed from objecting to the fairness or adequacy of the Settlement, the payment of attorneys' fees, the service awards to the Named Plaintiffs, and any and all other aspects of the Settlement.

  Regardless of whether you file an objection, in order to receive any payment from the Settlement, you must properly submit a timely Consent to Join and Release Form. Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all claims against Garda related to your employment with Garda unless you request exclusion from the Settlement in accordance with Paragraph V above.

**VII.** **<u>YOUR LEGAL REPRESENTATION IF YOU JOIN</u>**

  If you choose to participate in these Actions by filing the attached Consent to Join and Release Form, your interests will be represented by the Named Plaintiffs' Counsel:

Kyle T. Pulis, Esq.
Scott Michael Mishkin, P.C.
One Suffolk Square, Suite 240
Islandia, NY 11749
Tel: (631) 234-1154
Fax: (631) 234-5048

  As noted in Section III above, Class Counsel will seek to be awarded 33.3% of the Maximum Settlement Amount as reasonable compensation for their work in this matter and for their actual expenses and costs incurred in these matters. The request for fees will also include a request for prior counsel, Frank & Associates, to recover its fees.  You will not pay Class Counsel or prior counsel any amount in order to participate in this Settlement.

  Any questions regarding this settlement, including this Notice and the Consent to Join and Release Form, may be directed to Plaintiffs' Counsel at the address and telephone number listed above.

**VIII.** **<u>IF THE SETTLEMENT AGREEMENT IS NOT APPROVED</u>**

  If the Settlement is not approved by the Court, or if any of its conditions are not satisfied, the conditional Settlement will be voided, no money will be paid, and the case will revert to litigation. However, if that happens, there is no assurance (a) that any decision at trial will be in favor of the Class Members; (b) that a favorable trial decision, if any, would be as favorable to the Class Members as this Settlement; and (c) that any favorable trial decision would be upheld if an appeal was filed.

**IX.** **<u>NO OPINION ON THE MERITS OF THE ACTIONS</u>**

  On_, the Court preliminarily approved the Settlement and found the Settlement is fair and reasonable. However, the Court has not entered any judgment resolving the merits of the Actions and the

Court has not formed any opinions regarding the merits of the Actions.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

Dated: _____

| | |
|---|---|
| SCOTT MICHAEL MISHKIN, P.C. | LITTLER MENDELSON, P.C. |
| By: _/s/_____<br>Kyle T. Pulis, Esq.<br>One Suffolks Square<br>Islandia, NY 11749 | By:<br>Jessica T. Travers, Esq.<br>111 N. Orange Ave, Suite 1750<br>Orlando, FL  32801 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>    -against-<br><br>Garda CL Atlantic, Inc.,<br><br>Defendant. | Case No.  15-cv-04394 (JMA) (AYS)<br>Case No. 2:17-CV-03185 (JMA)(AYS) |

**CONSENT TO JOIN AND RELEASE FORM**
*All Claims Must Be Received No Later Than*           

[INSERT NAME]
[INSERT ADDRESS]

    I,_____, hereby declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that I am the Settlement Class Member or, if the Settlement Class Member is deceased the personal representative appointed by the Settlement Class Member's Estate or the surviving spouse, listed in the address block above. I hereby consent to join the Settlement and understand that, conditioned on the Court's final approval and entry of a Final Judgment and Order of Dismissal, I will receive the Settlement Share in exchange for the promises and obligations set forth in the Settlement Agreement and the Release below.

Calculation of Settlement Share

    Garda's records show that within the Representative Earnings Period (January 1, 2014 through January 23, 2015) your total earnings were_____. Based on this information, your estimated share of the Settlement is $_____. Your actual share may vary depending on the Court's approval process and payment will administered only upon final approval of the Settlement by the Court and in accordance with the Settlement Agreement.

Release

    Your signature below constitutes a full release and discharge by you, your heirs, successors, and

assigns, of Garda CL Atlantic, Inc., its current or former subsidiaries, parents, general partners, limited partners, members, shareholders, affiliates, officers, directors, employees, agents, successors and assigns from any and all claims, debts. penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, costs, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the lawsuits entitled *Anthony Tanza, et al. v. Garda CL Atlantic, Inc.*, Case Nos. 15-cv-4394 and 17-cv-3185, or in any way relate to your employment with Garda, including but not limited to all claims for violation of the WARN Act, NYS WARN Act, and any wage and hour law, including the Fair Labor Standards Act, for wages, penalties, interest, damages, liquidated damages, attorneys' fees and costs, and injunctive and other equitable relief.

Dated: _____

_____
Signature

This Consent to Join and Release form must be received no later than_____by the Settlement Claims Administrator at the following address:

Rust Consulting
[insert address]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY TANZA, MICHAEL S. BOSMAN, ROBERT T. GIANI, GARY E. SOBEK, CHARLES ENGEL, FRED H. SMITH, CARMELA A. SYZMANSKI, WILLIAM R. SHANNON, BARRY DUBROW, ALEXANDER CIOFFI, LANA BONGIOVI, JIMMY ADKINS, JUSTIN A. GRIFFIN, GLENNY V. ADON, MICHAEL BONETA, DIETER KERN, DENNIS J. DELUCIE, ALBERT VELASQUEZ, and JAMES R. HETTI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>     -against-<br><br>Garda CL Atlantic, Inc.,<br><br>D | Case No.  15-cv-04394 (JMA) (AYS)<br>Case No. 2:17-CV-03185 (JMA)(AYS) |

**OPT-OUT FORM**

I,_____, am a Settlement Class Member and do hereby opt out of the Class Action Settlement in the above-referenced actions. I understand that by opting out I will receive no benefits or compensation from the lawsuit and that I cannot assert objections to the Settlement.

Date:_____

Signature:_____

MUST BE RETURNED BY _____ to:

Rust Consulting
[insert address]

4885-8194-3162.1 / 113649-1001